UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HELEN LATKA, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br>vs.<br><br>MERWICK CARE & REHABILITATION CENTER, LLC, MERWICK HEALTHCARE AND REHAB CENTER LLC, WINDSOR HEALTHCARE, LLC, and WINDSOR HEALTHCARE MANAGEMENT LIMITED LIABILITY COMPANY,<br><br>        Defendants. | Complaint - Class Action<br><br>Jury Trial Demanded<br><br>Civil Case No.: |

**COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff Helen Latka, individually and on behalf of all others similarly situated, by and through her attorneys, Brown, LLC, hereby brings this Collective and Class Action Complaint against Defendants Merwick Care & Rehabilitation Center, LLC, Merwick Healthcare and Rehab Center LLC, Windsor Healthcare, LLC, and Windsor Healthcare Management Limited Liability Company, and alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

**INTRODUCTION**

1.      Plaintiff Helen Latka ("Plaintiff"), on behalf of herself and all similarly situated participants and beneficiaries of the Windsor Healthcare Employee Health Plan, brings this class action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*., against Defendants Merwick Care & Rehabilitation Center, LLC, Windsor Healthcare, LLC, and Windsor Healthcare Management Limited Liability Company (the "ERISA Defendants") for deducting health insurance premiums from employees' wages but failing to remit

those funds to the Plan's administrator, leaving medical claims unpaid and breaching fiduciary duties under ERISA §§ 404 and 409, 29 U.S.C. §§ 1104, 1109. Plaintiff seeks recovery of losses to the Plan, equitable relief, and other remedies available under ERISA § 502(a), 29 U.S.C. § 1132(a).

2.      Plaintiff asserts her ERISA claims individually, and on a class basis pursuant to Fed. R. Civ. P. 23 on behalf of a putative "Rule 23 ERISA Class," defined as:

> All persons who were participants or beneficiaries in the Windsor Healthcare Employee Health Plan at any time within the period of six (6) years preceding the commencement of this action through present, whose wages were deducted for health plan premiums or who otherwise contributed toward the cost of Plan coverage, and whose contributions were not properly remitted or whose claims for medical, mental health, or related benefits were unpaid, delayed, or denied as a result of Windsor Healthcare's failure to fund the Plan.

Plaintiff reserves the right to amend this class definition as necessary following discovery and further investigation.

3.      In addition, Plaintiff brings this action individually and on behalf of all other similarly situated hourly-paid, non-exempt employees against all Defendants to recover unpaid overtime wages, unpaid straight time wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* ("NJWHL"), and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 *et seq.* ("NJWPL").

4.      Plaintiff brings her FLSA, NJWHL, and NJWPL claims individually and on a collective and class basis on behalf of Defendants' current and former hourly-paid, non-exempt employees, including, but not limited to, Registered Nurses (RNs), Licensed Practical Nurses (LPNs), Certified Nursing Assistants (CNAs), Medical Records Coordinators who worked at

healthcare facilities operated and managed by the Defendants, including but not limited to Merwick Care and Rehabilitation Center ("Merwick"), a 200-bed skilled nursing facility located at 100 Plainsboro Road, Plainsboro, New Jersey 08536 that provides on-site medical, continuous nursing, rehabilitative, and residential care for primarily aged or infirm residents.

5.      The ERISA Defendants jointly operated and managed Merwick until some time in the Spring of 2025.  Defendant Merwick Healthcare and Rehab Center LLC has operated and managed Merwick from some time in the Spring of 2025 through present.

6.      Defendants violated the FLSA, NJWHL, and NJWPL through common policies and practices that resulted in the systematic failure to pay Plaintiff and similarly situated employees for all hours worked, including:

(a)      suffering and permitting employees to perform work-related activities before clocking in, such as walking from the entrance to the timeclock, waiting in line, undergoing temperature checks, and completing logbook entries, without compensation for such pre-shift work;

(b)      suffering and permitting employees to perform work-related activities after clocking out, including but not limited to walking from the timeclock to the facility exit, without compensation for such post-shift work; and

(c)      implementing an automatic meal deduction policy that deducted thirty (30) minutes per shift from employees' paid time regardless of whether a *bona fide*, uninterrupted meal break was actually provided, and failing to provide a reasonable process for cancelling or overriding the deduction when meal breaks were missed or interrupted.

7.      As a result of these policies, Defendants failed to pay Plaintiff and similarly situated employees for all hours worked, including hours worked in excess of forty (40) in a workweek, and failed to pay them at a rate of not less than one and one-half times their regular rate of pay for all overtime hours, in violation of the FLSA and New Jersey wage laws.

8.      Further, the ERISA Defendants violated the NJWPL by failing to pay hourly-paid, non-exempt employees the full amount of the shift differentials to which they were entitled under

3

the terms of their employment.

9.      Plaintiff asserts the FLSA claims individually and on behalf of a putative "FLSA

Collective," defined as:

> All hourly-paid, non-exempt employees of any of Defendants at any time from three (3) years prior to the commencement of this action through the date of judgment.

Plaintiff seeks to send notice pursuant to 29 U.S.C. § 216(b) to all FLSA Collective members

informing them of their rights to assert FLSA claims in this collective action by filing consent

forms. Plaintiff reserves the right to amend this collective definition as necessary following

discovery and further investigation.

10.     Plaintiff also asserts claims under the New Jersey Wage Payment Law and the New

Jersey Wage and Hour Law individually and on behalf of a putative "Rule 23 Wage Class," defined

as:

> All hourly-paid, non-exempt employees of any of Defendants at any time from six (6) years prior to the commencement of this action through the date of judgment.

Plaintiff reserves the right to amend this class definition as necessary following discovery and

further investigation.

11.     Defendants have willfully and intentionally committed widespread violations of the

FLSA, the New Jersey Wage Payment Law, and the New Jersey Wage and Hour Law, in the

manner described herein. As a result, Plaintiff and all similarly situated employees are entitled to

recover all unpaid wages, overtime compensation, liquidated damages, interest, and attorneys' fees

and costs.

## JURISDICTION AND VENUE

12.     This Court has subject-matter jurisdiction over Plaintiff's ERISA and FLSA claims

pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question.

13.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

14.     The Court has personal jurisdiction over all Defendants because they are domiciled in New Jersey.

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendants reside in this District.

## **PARTIES**

16.     Plaintiff Helen Latka ("Plaintiff") is an adult individual residing in Hunterdon County, New Jersey.

17.     Plaintiff has been employed as an hourly-paid, non-exempt Registered Nurse ("RN") at Merwick for over ten (10) years.

18.     Plaintiff's written consent to become an FLSA party plaintiff is attached hereto as Exhibit 1.

19.     Plaintiff was jointly employed by the ERISA Defendants from 2010 (when they began managing and operating Merwick) until Spring of 2025.

20.     Plaintiff has been employed by Defendant Merwick Healthcare and Rehab Center LLC from some time in Spring of 2025 through present.

21.     Defendant Merwick Care & Rehabilitation Center, LLC is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business and headquarters located at 100 McClellan Street, Norwood, New Jersey 07648.

22.     Defendant Merwick Healthcare and Rehab Center LLC is a limited liability

company organized and existing under the laws of the State of New Jersey, with its principal place of business and headquarters located at 100 Plainsboro Road, Plainsboro, New Jersey 08536.

23.     Defendant Windsor Healthcare, LLC is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business and headquarters located at 100 McClellan Street, Norwood, New Jersey 07648.

24.     Defendant Windsor Healthcare Management Limited Liability Company is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business and headquarters located at 100 McClellan Street, Norwood, New Jersey 07648.

## FACTUAL ALLEGATIONS[1]

### OVERVIEW OF THE DEFENDANTS

25.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

26.     The ERISA Defendants jointly operated and managed Merwick until some time in the Spring of 2025.

27.     Throughout that time, the ERISA Defendants operated as a single integrated enterprise, with shared offices and managements, and jointly employed Merwick's hourly-paid, non-exempt employees.

28.     Merwick is a 200-bed skilled nursing facility located at 100 Plainsboro Road, Plainsboro, New Jersey 08536 that provides on-site medical, continuous nursing, rehabilitative, and residential care for primarily aged or infirm residents.

29.     In or around the Spring of 2025, the ERISA Defendants transferred their interest in

---

[1] The allegations in this Complaint, unless otherwise specified, refer to the time period of six (6) years prior to the commencement of this action through the present.

Merwick to Defendant Merwick Healthcare and Rehab Center LLC.

30.    Defendant Merwick Healthcare and Rehab Center LLC has operated and managed Merwick from some time in the Spring of 2025 through present.

31.    Throughout that time, Defendant Merwick Healthcare and Rehab Center LLC employed Merwick's hourly-paid, non-exempt employees.

32.    Defendants operate an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

33.    Defendants operate an enterprise that has two (2) or more employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

34.    Defendants operate an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution.

### DEFENDANTS' VIOLATIONS OF ERISA

35.    The ERISA Defendants acted in concert to establish and operate the Windsor Healthcare Employee Health Plan (the "Plan"), an employee welfare benefit plan governed by ERISA, 29 U.S.C. § 1001 *et seq.*, to provide medical, mental health, and other health insurance benefits to employees (including Merwick employees) and their beneficiaries.

36.    In at least 2023 and 2024, the ERISA Defendants acted in concert to deduct health insurance premium contributions from employees' wages, representing to participants and beneficiaries that such deductions would be remitted to the Plan's third-party administrator, UltraBenefits, and used to maintain health insurance coverage through carriers such as Cigna.

37.    As of August 2023, UltraBenefits announced additional services for Plan

7

participants, including Rightway Health concierge services intended to assist employees in navigating their healthcare benefits. Plan participants continued to pay premium deductions based on the ERISA Defendants' representations that they had active health coverage.

38. However, beginning at a time presently unknown but continuing through 2024, the ERISA Defendants ceased properly funding the Plan and failed to remit employee premium contributions to UltraBenefits. As a result, insurance carriers such as Cigna declined to pay claims submitted for medical services rendered to participants and beneficiaries between at least April 2024 and December 2024.

39. By November 2024, the ERISA Defendants notified employees that Plan coverage through UltraBenefits and Cigna would end as of December 31, 2024, and that for 2025, employees would need to secure individual coverage through the marketplace, reimbursed by the ERISA Defendants via an Individual Coverage Health Reimbursement Arrangement ("ICHRA").

40. Despite this transition announcement, the ERISA Defendants continued deducting premium payments from employees' paychecks into at least March 2025, even though the ERISA Defendants no longer maintained fully funded Plan coverage for employees through UltraBenefits after December 31, 2024.

41. Participants and beneficiaries who incurred medical expenses between April 2024 and December 2024 subsequently received denial notices from Cigna or billing statements directly from healthcare providers, totaling significant out-of-pocket costs. Many participants learned for the first time that their medical coverage was terminated only after providers or collection agencies sought payment.

42. Examples of impacted medical expenses include mental health treatment bills incurred between April and December 2024 that went unpaid because the ERISA Defendants

failed to remit required contributions, leaving participants and beneficiaries liable for thousands of dollars in medical debt.

43.    The ERISA Defendants' failure to remit employee contributions violated their fiduciary duties under ERISA §§ 404 and 409, 29 U.S.C. §§ 1104 and 1109, and their obligations under ERISA § 515, 29 U.S.C. § 1145, to contribute to the Plan in accordance with its terms and applicable law.

44.    Participants and beneficiaries have suffered financial losses, disruption of medical care, emotional distress, and potential damage to creditworthiness due to the ERISA Defendants' failure to fund the Plan as promised.

45.    Participants and beneficiaries seek appropriate relief under ERISA § 502(a), 29 U.S.C. § 1132(a), including recovery of losses to the Plan, restitution of improperly withheld employee contributions, equitable relief to restore benefits, and other remedies permitted by law.

### DEFENDANTS' VIOLATIONS OF FLSA, NJWHL, AND NJWPL

46.    The positions held by Defendants' hourly-paid, non-exempt employees include, but are not limited to, Registered Nurse (RN), Licensed Practical Nurse (LPNs), Certified Nursing Assistant (CNA), and Medical Records Coordinator.

47.    Defendants regularly suffer and permit hourly-paid, non-exempt employees to perform work in excess of forty (40) hours in a workweek.

48.    Defendants suffer and permit hourly-paid, non-exempt employees to perform work-related activities prior to the start of their scheduled shifts and before clocking in, including but not limited to walking from the facility entrance to the timeclock, waiting in line to clock in, undergoing temperature checks, and making required logbook entries.

49.    Defendants do not compensate hourly-paid, non-exempt employees for this pre-

shift work.

50.    Defendants also suffer and permit hourly-paid, non-exempt employees to perform work-related activities after clocking out, including but not limited to walking from the timeclock to the facility exit.

51.    Defendants do not compensate hourly-paid, non-exempt employees for this post-shift work.

52.    Defendants have a uniform policy and practice of automatically deducting 30 minutes per shift from the compensable hours of hourly-paid, non-exempt employees for purported meal breaks, regardless of whether employees actually received a bona fide, uninterrupted meal period.

53.    Defendants do not provide a reasonable process or mechanism for employees to override or cancel the automatic deduction in the event that a meal break is missed or interrupted due to work demands.

54.    As a result, Defendants' hourly-paid, non-exempt employees routinely have 30 minutes deducted from their pay for shifts in which they perform compensable work during their meal periods or do not receive a meal break at all.

55.    There have been many weeks throughout the time period of six (6) years prior to the commencement of this action through the present in which Defendants' failure to pay for pre-shift work, post-shift work, and/or work performed during or in lieu of meal breaks has resulted in hourly-paid, non-exempt employees not receiving their hourly wages for all hours worked, including hours worked in excess of forty (40) in a workweek.

56.    For example, during the pay period from February 25, 2024 to March 9, 2024, Plaintiff was paid for 80 regular hours worked and 23.86 overtime hours worked (over two weeks),

10

but was not paid for all hours worked in either week due to the violations alleged herein.

57. The ERISA Defendants promised hourly-paid, non-exempt employees to pay them shift differentials in certain amounts for working certain shifts.

58. The ERISA Defendants violated the NJWPL by failing to pay hourly-paid, non-exempt employees the full amount of the shift differentials to which they were entitled under the terms of their employment.

59. Defendants' policies and practices described herein were willful and not the result of good faith or reasonable grounds for believing their conduct was in compliance with the law.

60. Defendants knew or should have known that Plaintiff and similarly situated employees were not being paid for all hours worked, including pre and post-shift work and work performed during meal periods, and that overtime compensation was not properly calculated in accordance with federal and state law.

61. As a result of Defendants' unlawful conduct, Plaintiff and the putative class and collective members have suffered lost wages, unpaid overtime compensation, liquidated damages, and other harm, and are entitled to relief as set forth in this Complaint.

## COLLECTIVE ACTION ALLEGATIONS

62. Plaintiff re-alleges and incorporates all previous paragraphs herein.

63. Plaintiff brings this action pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as an opt-in representative action, for and on behalf of herself and all similarly situated hourly-paid employees who have been affected by Defendants' common unlawful policies and practices, including failing to pay for all hours worked and failing to pay overtime compensation, in violation of the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.*

11

64.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of the members of the putative FLSA Collective, as defined above.

65.     As a result of Defendants' illegal policies and practices, there were many weeks in which Defendants failed to compensate members of the FLSA Collective for all hours worked, including pre and post-shift work and time improperly deducted for meal breaks that were not actually received, and thus failed to pay them for hours worked in excess of forty (40) per workweek as required by the FLSA.

66.     Plaintiff brings this collective action against Defendants to recover unpaid overtime compensation, unpaid wages for all hours worked, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

67.     The collective action further alleges that Defendants' violations of the FLSA were willful and seeks an additional, third year of limitations.

68.     Plaintiff seeks to send notice to all hourly-paid employees of Defendants informing them of their rights to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

69.     Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because they were subject to the same or similar unlawful policies and practices as stated herein, including but not limited to: (a) Defendants' failure to compensate for required pre and post-shift work; and (b) Defendants' automatic deduction of meal breaks that were not actually received. The claims of the FLSA Collective are based upon the same factual and legal theories.

70.     Plaintiff anticipates that there will be no difficulty in the management of this

litigation. This litigation presents claims under the FLSA, a type that has often been prosecuted on a collective basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendants' payroll and personnel records.

71.    Plaintiff and the putative FLSA collective members demand a trial by jury.

## CLASS ACTION ALLEGATIONS

## THE RULE 23 ERISA CLASS

72.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

73.    Plaintiff brings this action as a class action pursuant to Rules 23(a), 23(b)(1), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of herself and on behalf of a putative "Rule 23 ERISA Class," as defined above.

74.    The members of the Class are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the Class includes hundreds of individuals who worked for the ERISA Defendants in New Jersey and possibly other locations during the relevant period. The identities of Class members can be ascertained from Defendants' payroll, Plan, and benefits administration records.

75.    There are numerous questions of law and fact common to Plaintiff and the Class, including whether Defendants failed to remit employee contributions to the Plan as required under ERISA, whether Defendants breached fiduciary duties by failing to fund Plan benefits or by diverting Plan assets, whether Defendants engaged in prohibited transactions under ERISA § 406, whether participants and beneficiaries suffered harm as a result of Defendants' conduct, and what equitable, declaratory, and monetary relief is warranted under ERISA.

76.    Plaintiff's claims are typical of the claims of the Class because she, like all Class members, contributed wages or premium payments in reliance on representations that Plan benefits

were funded, and suffered harm when Defendants failed to remit contributions, fund the Plan, or pay covered claims.

77.    Plaintiff will fairly and adequately protect the interests of the Class, as she has no conflicts with other Class members and has retained counsel experienced in class actions.

78.    This action is maintainable under Rule 23(b)(1) because prosecuting separate actions by individual Class members would create a risk of inconsistent or varying adjudications that could establish incompatible standards of conduct for Defendants and because adjudications with respect to individual Class members would, as a practical matter, be dispositive of the interests of other Class members not parties to those adjudications or substantially impair or impede their ability to protect their interests.

79.    This action is maintainable under Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, making final injunctive or corresponding declaratory relief appropriate with respect to the Class as a whole.

80.    This action is also maintainable under Rule 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual Class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, in view of the relatively modest individual damages of Class members, the desirability of concentrating litigation in this forum, and the absence of practical difficulties in managing the case as a class action.

81.    Plaintiff and the Rule 23 ERISA Class members demand a trial by jury.

## THE RULE 23 WAGE CLASS

82.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

83.    Plaintiff brings her NJWHL and NJWPL claims individually and pursuant to Fed.

14

R. Civ. P. 23, as an opt-out class action, on behalf of all hourly-paid employees who have been affected by Defendants' common unlawful policies and practices, including failing to pay for all hours worked, including hours worked over forty (40) in a workweek, in violation of the NJWHL and NJWPL.

84.     Plaintiff brings this Rule 23 class action on behalf of the members of the putative Rule 23 Wage Class, as defined above.

85.     Plaintiff reserves the right to amend this definition as necessary.

86.     Plaintiff brings this Rule 23 class action against Defendants to recover unpaid straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the NJWHL and NJWPL.

87.     The members of the Rule 23 Wage Class are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates that there are a substantial number of class members in the State of New Jersey. The Rule 23 Wage Class members should be easy to identify from Defendants' payroll and personnel records.

88.     There is a well-defined community of interest among the Rule 23 Wage Class members and common questions of law and fact predominate in this action over any questions affecting each individual class member.

89.     Plaintiff's claims are typical of those of the Rule 23 Wage Class members in that she and all other class members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendants, as alleged herein, including but not limited to: (a) failing to pay for required pre and post-shift work performed off the clock; (b) maintaining an automatic meal deduction policy without ensuring that bona fide meal breaks were provided or that there was

a process to override the deduction; and (c) failing to pay all wages due for all hours worked, including for hours worked over forty (40) in a workweek. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations, and separate litigation would cause a risk of inconsistent results.

90.    All Rule 23 Wage Class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay for all hours worked. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

91.    Plaintiff will fully and adequately protect the interests of the Rule 23 Wage Class members and has retained counsel who are qualified and experienced in the prosecution of wage and hour class actions. Plaintiff and her counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

92.    Defendants' corporate-wide policies and practices affected all Rule 23 Wage Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claims arise from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and her counsel know of no unusual difficulties in this case.

93.    Plaintiff and the Rule 23 Wage Class members demand a trial by jury.

## COUNT I
**(Violation of ERISA – Fiduciary Breach, Prohibited Transactions, and Failure to Remit Contributions)**
**(Brought Individually and on a Class Basis Pursuant to Fed. R. Civ. P. 23)**

94.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

95.    Plaintiff and the members of the putative Rule 23 ERISA Class are participants or beneficiaries in the Windsor Healthcare Employee Health Plan ("the Plan"), an employee welfare

16

benefit plan governed by ERISA, 29 U.S.C. § 1001 *et seq*.

96. At all relevant times, Windsor Healthcare, LLC, and Windsor Healthcare Management Limited Liability Company (collectively, "Defendants") were "fiduciaries" of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21), in that they exercised discretionary authority or control over the management of the Plan and the disposition of Plan assets, including participant contributions withheld from wages.

97. Defendants were obligated under ERISA § 404(a)(1)(A)–(B), 29 U.S.C. § 1104(a)(1)(A)–(B), to discharge their duties with respect to the Plan solely in the interest of participants and beneficiaries, for the exclusive purpose of providing benefits and defraying reasonable plan expenses, and with the care, skill, prudence, and diligence of a prudent person acting in a like capacity.

98. Defendants also were prohibited by ERISA § 406(a) and (b), 29 U.S.C. § 1106(a), (b), from causing the Plan to engage in transactions that constituted a transfer of Plan assets for the benefit of parties in interest, or dealing with Plan assets in their own interest or for their own account.

99. Further, under ERISA § 515, 29 U.S.C. § 1145, Defendants were required to make contributions to the Plan in accordance with the terms of the Plan and applicable agreements, including remitting participant contributions deducted from wages.

100. Plaintiff and the members of the putative Rule 23 ERISA Class contributed premium payments through payroll deductions during at least 2023 and 2024 under the belief they maintained active health coverage through the Plan.

101. Defendants failed to remit these employee contributions to the Plan's third-party administrator and failed to fund the Plan's obligations, resulting in unpaid claims for medical,

mental health, and other covered services incurred by participants and beneficiaries between at least April 2024 and December 2024, in violation of ERISA § 404(a), § 406(a)–(b), and § 515, 29 U.S.C. §§ 1104(a), 1106(a)–(b), and 1145.

102.    Instead of remitting withheld contributions, Defendants retained or diverted Plan assets, used such assets for purposes unrelated to providing Plan benefits, or failed to properly segregate such funds from corporate assets, constituting prohibited transactions and breaches of fiduciary duty under ERISA.

103.    As a direct and proximate result of Defendants' breaches, Plaintiff and the members of the putative Rule 23 ERISA Class suffered harm, including but not limited to: loss of Plan benefits; liability for unpaid medical expenses; financial loss of withheld contributions; and exposure to collections, credit harm, and other consequential damages.

104.    Pursuant to ERISA § 502(a)(2) and (a)(3), 29 U.S.C. § 1132(a)(2) and (a)(3), Plaintiff, on behalf of the Plan and the putative Class, seeks relief including restoration to the Plan of all losses caused by Defendants' fiduciary breaches under ERISA § 409, 29 U.S.C. § 1109; disgorgement of profits obtained through prohibited transactions or breaches of fiduciary duty; equitable relief to enjoin further violations of ERISA, enforce Plan terms, and compel Defendants to remit all required contributions; restitution or surcharge for benefits improperly denied or delayed; declaratory relief clarifying participants' rights under the Plan; prejudgment interest; and reasonable attorneys' fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g).

105.     The ERISA Defendants are each liable for the breaches of the other, pursuant to § 405(a) of ERISA, 29 U.S.C. § 1105(a), in that they either (1) participated knowingly in an act of the other fiduciary, knowing such act was a breach, in violation of § 405(a)(1) or ERISA, 29 U.S.C. § 1105(a)(1); (2) failed to monitor or supervise the other fiduciary and thereby enabled the breach,

in violation of § 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2); or (3) had knowledge of a breach by the other fiduciary and failed to make reasonable efforts under the circumstances to remedy the breach, in violation of § 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3).

106. Defendant, Merwick Healthcare and Rehab Center LLC, and/or any other entities who acquired the ERISA Defendants' interest in Merwick in or around Spring of 2025, is liable for the ERISA Defendants' violations of ERISA as a successor-in-interest.

**COUNT II**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.***
**<u>Failure to Pay Overtime Wages</u>**
**<u>(Brought Individually and on a Collective Basis Pursuant to 29 U.S.C. § 216(b))</u>**

107. Plaintiff re-alleges and incorporates all previous paragraphs herein.

108. 29 U.S.C. § 207(a)(1) provides:

*[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.*

109. Defendants employed Plaintiff and the FLSA Collective members as hourly-paid, non-exempt employees.

110. Plaintiff and the FLSA Collective members regularly worked over forty (40) hours in a workweek for Defendants.

111. As a result of the policies and violations alleged herein, including but not limited to (a) requiring Plaintiff and similarly situated employees to perform pre-shift work-related activities off the clock, (b) requiring employees to perform post-shift work-related activities, including walking from the timeclock to the facility exit, off the clock, and (c) maintaining an automatic meal deduction policy without ensuring that bona fide meal breaks were provided or that there was a process to override the deduction when breaks were missed or interrupted,

Defendants failed to pay Plaintiff and the FLSA Collective members for all hours worked in excess of forty (40) in a workweek at a rate not less than one and one-half times their regular rates of pay.

112.    Defendants' conduct and practices, as described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

113.    Because Defendants willfully violated the FLSA, a three (3) year statute of limitations applies to such violations pursuant to 29 U.S.C. § 255(a).

114.    As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the FLSA Collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

115.    The ERISA Defendants are jointly and severally liable for the FLSA violations occurring in workweeks in the three-year lookback period in which they employed Plaintiff and the FLSA Collective Members.

116.    Defendant, Merwick Healthcare and Rehab Center LLC, and/or any other entities who acquired the ERISA Defendants' interest in Merwick in or around Spring of 2025, is directly liable for the FLSA violations occurring in workweeks in the three-year lookback period in which it employed Plaintiff and the FLSA Collective Members, and liable as a successor-in-interest for the ERISA Defendants' violations of the FLSA in the preceding time period.

**COUNT III**
**Violation of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.***
**Failure to Pay Overtime Compensation**
**(Brought Individually and on a Class Basis Pursuant to Fed. R. Civ. P. 23)**

117.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

118.    N.J.S.A. 34:11-56a4 provides:

*Every employer shall pay to each of his employees wages at a rate not less than the minimum fair wage as established by this act and not less than one and one-half times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week.*

119.  Plaintiff and the Rule 23 Wage Class members worked over forty (40) hours a week for Defendants in many workweeks.

120.  As a result of the policies and violations alleged herein, including but not limited to requiring off-the-clock pre and post-shift work, and maintaining an automatic meal deduction policy without bona fide meal breaks or a mechanism to override the deduction, Defendants failed to pay Plaintiff and the Rule 23 Wage Class members overtime compensation at a rate of not less than one and one-half times their regular hourly wage for hours worked in excess of forty (40) in a workweek.

121.  Defendants' conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

122.  As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the Rule 23 Wage Class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages as provided by N.J.S.A. 34:11-56a25.1, pre- and post-judgment interest, reasonable attorneys' fees, costs, and other compensation pursuant to the NJWHL.

123.  The ERISA Defendants are jointly and severally liable for the NJWHL violations occurring in workweeks in the six-year lookback period in which they employed Plaintiff and the Rule 23 Wage Class Members.

124.  Defendant, Merwick Healthcare and Rehab Center LLC, and/or any other entities who acquired the ERISA Defendants' interest in Merwick in or around Spring of 2025, is directly

21

liable for the NJWHL violations occurring in workweeks in the six-year lookback period in which it employed Plaintiff and the Rule 23 Wage Class Members, and liable as a successor-in-interest for the ERISA Defendants' violations of the NJWHL in the preceding time period.

**COUNT IV**
**Violation of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 *et seq.***
**Failure to Pay Wages for All Hours Worked**
**(Brought Individually and on a Class Basis Pursuant to Fed. R. Civ. P. 23)**

125. Plaintiff re-alleges and incorporates all previous paragraphs herein.

126. N.J.S.A. 34:11-4.2 provides that "[e]very employer shall pay the full amount of wages due to his employees."

127. Defendants were contractually and statutorily obligated to pay Plaintiff and the Rule 23 Wage Class members for all hours worked, including but not limited to pre-shift work, post-shift work, work performed during meal periods for which an automatic deduction was taken, and any other hours worked off the clock.

128. As a result of the policies and violations alleged herein, Defendants failed to pay Plaintiff and the Rule 23 Wage Class members their agreed-upon wages for all hours worked, in violation of N.J.S.A. 34:11-4.2 and 34:11-4.4.

129. The ERISA Defendants violated the NJWPL by failing to pay Plaintiff and the Rule 23 Wage Class members the full amount of the shift differentials to which they were entitled under the terms of their employment.

130. Defendants' conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

131. As a result of Defendants' conduct described above, Plaintiff and the Rule 23 Wage Class members were illegally deprived of compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amount, liquidated damages as provided

by N.J.S.A. 34:11-4.10, pre- and post-judgment interest, reasonable attorneys' fees, costs, and other compensation pursuant to the NJWPL.

132.     The ERISA Defendants are jointly and severally liable for the NJWPL violations occurring in workweeks in the six-year lookback period in which they employed Plaintiff and the Rule 23 Wage Class Members.

133.     Defendant, Merwick Healthcare and Rehab Center LLC, and/or any other entities who acquired the ERISA Defendants' interest in Merwick in or around Spring of 2025, is directly liable for the NJWPL violations occurring in workweeks in the six-year lookback period in which it employed Plaintiff and the Rule 23 Wage Class Members, and liable as a successor-in-interest for the ERISA Defendants' violations of the NJWPL in the preceding time period.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Helen Latka, individually and on behalf of all others similarly situated, respectfully requests that this Court grant the following relief against Defendants, jointly and severally:

A.     Declare that the ERISA Defendants violated ERISA, including 29 U.S.C. §§ 1104, 1106, and 1145, by failing to remit employee contributions, failing to fund the Windsor Healthcare Employee Health Plan, and breaching fiduciary duties owed to Plan participants and beneficiaries;

B.     Order Defendants to restore all losses to the Plan, including amounts withheld from employees' wages for premiums or contributions, unpaid claims, interest, and any other losses resulting from the ERISA Defendants' breaches of fiduciary duty or other violations of ERISA;

C.     Impose a constructive trust over any funds wrongfully retained by Defendants that constitute Plan assets or employee contributions;

D.     Enjoin Defendants from further violations of ERISA and require Defendants to

23

fully fund the Plan and pay all legitimate claims;

E.   Award, pursuant to ERISA § 502(a)(3), such other equitable relief as the Court deems appropriate, including surcharge, equitable restitution, and reformation of the Plan where necessary to protect the interests of the Class;

F.   Certify this action as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

G.   Certify this action as a class action pursuant to Fed. R. Civ. P. 23 with respect to the ERISA, NJWHL, and NJWPL claims set forth herein;

H.   Order Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, job titles, dates of employment, and locations of employment of all FLSA collective and Rule 23 class members;

I.   Authorize Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise them of their rights by law to join and participate in this lawsuit;

J.   Designate Plaintiff Helen Latka as the representative of the FLSA collective and Rule 23 classes in this action;

K.   Designate the undersigned counsel as counsel for the FLSA collective and Rule 23 classes in this action;

L.   Judgment for damages for all unpaid overtime wages, unpaid straight-time wages for all hours worked, and liquidated damages to which Plaintiff, the FLSA collective, and the Rule 23 class members are lawfully entitled under the FLSA, the NJWHL, and the NJWPL, including but not limited to liquidated damages as provided by N.J.S.A. 34:11-4.10 and N.J.S.A. 34:11-

56a25.1;

M.      Judgment for pre- and post-judgment interest as permitted by law;

N.      An incentive award for Plaintiff Helen Latka for serving as representative of the FLSA collective and Rule 23 classes in this action;

O.      Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by ERISA and the FLSA, NJWHL, and NJWPL;

P.      Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and Rule 23 class members may be entitled under applicable law; and

Q.      Such other and further relief as this Court may deem necessary, just, and proper.

## **JURY DEMAND**

Plaintiff, individually and on behalf of all other FLSA Collective and Rule 23 Class members, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

Dated: August 5, 2025

Respectfully Submitted,

By:     /s Nicholas Conlon
        Nicholas Conlon
        BROWN, LLC
        111 Town Square Place, Suite 400
        Jersey City, NJ 07310
        T: (877) 561-0000
        F: (855) 582-5279
        nicholasconlon@jtblawgroup.com

        *Lead Counsel for Plaintiff*